NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| ROOSEVELT ELSWICK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-205-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES MORGAN, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Roosevelt Elswick, an inmate at the Northpoint Training Center, has filed a *pro se* pleading and has paid a $250 filing fee. He initially characterizes his claim as a Writ of Mandamus filed pursuant to 28 U.S.C. §1361, although in the body of his pleadings he refers to this as being "his habeas." Elswick alleges his due process rights under the Fourteenth Amendment of the United States Constitution and his unspecified rights under section 14 of the Kentucky Constitution were violated when he was held in continuous confinement for four-and-one-half months after the case in which he was convicted and sentenced was mistakenly and ineffectively dismissed.

STATEMENT OF CLAIM

Elswick's allegations are disjointed, incomplete, and confusing. Many of the facts needed to understand his claims are absent from the four corners of the complaint and the pled information makes nebulous references to the missing information. The Court fully recognizes that a *pro se* complaint should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all fairly and reasonably inferred claims. *See e.g.*, *Haines v. Kerner*, 404

1

U.S. 519, 520 (1972). At the same time, "it is not the Court's place to speculate or imagine what the plaintiff's claims may be." *Boswell v. Honorable Governor of Texas,* 138 F.Supp.2d 782, 785 (N.D. Texas, Sept. 19, 2000) (citing *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990)). When a court cannot fully determine the nature of a plaintiff's claims without resorting to improper speculation, the complaint should be dismissed without prejudice and the plaintiff may be permitted to re-file the lawsuit, if appropriate. *Boswell*, 138 F.Supp. at 785 (citing *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982)).

In an effort to put this much-litigated[1] matter to rest, the Court is affording this *pro se* litigant unusual deference by evaluating the totality of the record in an attempt to assimilate a plausible

---

[1] The plaintiff claims the underlying issue has twice previously been before this Court on two prior occasions. The last time his claims were rejected "because he didn't request its [presumably the Sixth Circuit Court of Appeals'] permission to file a second habeas." Elswick mysteriously claims "[t]he mandamus in this case was denied on April 27, 2005." These comments suggest the plaintiff has previously brought the claims presently asserted before this Court. A query of cases filed in this Court indicates the plaintiff has previously brought four actions in this jurisdiction.

*Elswick v. Sparkman*, Lexington 95-89-KSF, was an action filed under 28 U.S.C. §2254 on February 23, 1995. On December 18, 1995, Judgment was entered in favor of the respondent. On September 30, 1996, the Sixth Circuit issued a mandate affirming this Court's decision.

*In re the Matter of Elswick*, Lexington 95-mc-27-KSF, was an action filed under 28 U.S.C. §2254 on February 23, 1995. The respondents were ordered to respond and, thereafter, the case is without further docket entries.

*Elswick v. Commonwealth, et al.*, 01-19-JMH, was a third 28 U.S.C. §2254 action, filed January 16, 2001. By Order of Magistrate Judge Patterson, the case was transferred to the Sixth Circuit for appropriate review and order in accordance with 28 U.S.C. §1631. The Sixth Circuit later dismissed the petition.

*Elswick v. Morgan*, 05-cv-136-DLB, was also filed under 28 U.S.C. §2254, on May 4, 2005. On June 3, 2005, Magistrate Judge Patterson found that this petition was a successive petition within the meaning of 28 U.S.C. §2254(b)(3)(A). Accordingly, that action was transferred to the Sixth Circuit for appropriate consideration in light of 28 U.S.C. §1631. Within this petition, it appears Elswick asserted essentially the same claims he has attempted to plead in this action.

The currently considered action was filed on June 23, 2005.

2

factual scenario upon which he *may* be basing his pleadings. The Court understands the plaintiff's Fourteenth Amendment federal constitutional claim;[2] however, the factual basis underpinning that claim has been theoretically constructed from a careful analysis of the entire record. Hereinafter, this potentially-correct factual scenario is set forth with the full understanding that these "facts" are not "findings of fact" as much as they are the Court's effort to understand the scope and import of the plaintiff's claims.

In 1979, the petitioner was indicted in Criminal Division No. II of the Pike Circuit Court for an unspecified "Sex Charge." He was convicted and sentenced and began serving his sentence. On June 22, 1989, Criminal Division No. I (as opposed to II) of the Pike Circuit Court made a "CALL OF THE CRIMINAL DOCKET" to take place on July 10, 1989. Within the "call," defendants and prosecuting witnesses, in an unprovided list of cases, were directed to appear for a status conference dealing with ". . . dismissals in the event the prosecuting witnesses no longer desire prosecution." The parties were "specifically put on notice that the failure of the prosecuting witness to either appear or at least notify the Commonwealth Attorney of an interest in prosecution shall result in a dismissal." Due to a clerical error in the Pike Circuit Clerk's office, the petitioner's Criminal Docket No. II "Sex Charge" case was erroneously listed on this "call" of Criminal Docket No. I.[3]

Because of the plaintiff's previous Criminal Docket No. II conviction, sentencing, and

---

2      The plaintiff's Section 14 of the Kentucky Constitution claim is so insufficiently pled as to be incomprehensible.

3      The petitioner apparently attributes this erroneous inclusion of his case on the Division I "call" list to be a result of his having filed, in April of that year, a Motion for Sentence Modification in his Division II criminal case. The petitioner speculates that after his Motion was ruled upon the Clerk failed to again "close" his case and, instead, somehow allowed it to remain "open" and to be placed on Judge Collier's Division I criminal docket, as opposed to properly being placed on Judge Collier's closed Division II criminal docket.

incarceration, presumably no prosecuting witnesses appeared for the July 10, 1989 Criminal Docket No. I "call." Pike Circuit Judge Bayard Collier allegedly compounded the initial clerical listing mistake by mistakenly procedurally dismissing the previously resolved-on-the-merits "Sex Charge" case.

The plaintiff complains that neither he nor the [Kentucky] Department of Corrections was ever notified of the "Sex Charge" case's July 10, 1989 dismissal. The plaintiff asserts that once the case was dismissed, he should have been immediately released from confinement. However, it allegedly was another four-and-one-half years after the "Sex Charge" case was mistakenly dismissed before the plaintiff or the Department of Corrections had any knowledge of that erroneous dismissal. As a result, the plaintiff claims he was held in prison in violation of his due process rights for four-and-one-half years.

To correct the mistakes emanating from the July 10, 1989 "call," on January 11, 1994, Pike Circuit Judge Collier ordered:

> It appearing to this Court that a Final Judgment, Sentence of imprisonment having been entered by the Judge of Division II of the Pike Circuit Court on May 27, 1981, and this cause having been placed on the Call of the Criminal Docket on July 10, 1989, and as a result of said Call of the Criminal Docket, this Court entered an Order on the 10th day of July, 1989 dismissing the herein Indictment, and the Court having reviewed the record and being sufficiently advised,
>
> IT IS HEREBY ORDERED that the Order entered by the Judge of Division I of the Pike Circuit Court be SET ASIDE and held for naught.

*Plaintiff's Exhibit.*

The plaintiff's claims regarding the post-conviction and post-incarceration dismissal of the "Sex Charge" case have previously been raised in Kentucky's courts. In 1994, the Boyle Circuit

4

Court addressed the matter in a writ of habeas corpus.[4] Boyle Circuit Judge Stephen M. Shewmaker denied the writ, reasoning that the Pike Circuit Court Criminal Division I dismissal was without prejudice and, therefore, the case's subsequent reinstatement was warranted. The plaintiff appealed.[5] The appellate court affirmed Judge Shewmaker's result, but for a different reason. The appellate court apparently indicated that the Pike Circuit Court Criminal Division I's dismissal of the "Sex Charge" case was ineffective because ". . . the trial court did not have the authority to vacate the indictment following conviction."[6]

The plaintiff claims a recent amendment to the Kentucky Rules of Criminal Procedure, RCr 12.05, applies so that his state court remedies are exhausted despite his having failed to appeal his September 20, 1994 opinion of the Kentucky Court of Appeals to the Supreme Court of Kentucky. He argues that RCr 12.05 establishes that, for administrative exhaustion, a final judgment from the Court of Appeals does not have to be presented to the Supreme Court of Kentucky.

### 28 U.S.C. §1361

The plaintiff asserts that he brings this action as a petition for a writ of mandamus pursuant to 28 U.S.C. §1361. Title 28, United States Code, Section 1361, provides that "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The remedy of mandamus is a drastic one, to be invoked only in an extraordinary situation." *Kerr v.*

---

[4]  Boyle Circuit Court Civil Action No. 94-CI-00265.

[5]  Kentucky Court of Appeals Case No. 94-CA-1901-MR

[6]  In effect, the appellate court held that the Pike Circuit Court Criminal Division I was without jurisdiction to dismiss, essentially for failure to prosecute, a long-since previously adjudicated and resolved case.

*United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Here, the plaintiff seeks to compel Kentucky Corrections officials to release him from confinement. However, 28 U.S.C. §1361 merely authorizes a federal court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. As Kentucky Corrections officials are not officers or employees of the United States or any United States agency, this statutory provision does not provide any authority for this Court to grant the relief requested by the plaintiff.

Additionally, 28 U.S.C. §1361 only authorizes a federal court to grant relief if a duty is owed to a plaintiff. Under the factual scenario outlined above, no duty is owed to the plaintiff and, therefore, §1361 relief is inappropriate. A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central South Carolina Chapter, Soc. Of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina*, 551 F.2d 559, 562 (4th Cir. 1977). Mandamus may only be granted when (1) the plaintiff's claim is "clear and certain"; (2) the duty is "ministerial and so plainly prescribed as to be free from doubt"; and (3) no other adequate remedy is available. *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

Further, a petitioner seeking a §1361 writ of mandamus must establish: (1) a "clear right" to the relief sought; (2) "a plainly defined and peremptory duty on the defendant's part to do the act in question"; and (3) "lack of another available, adequate remedy." *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 946 (2d Cir. 1976). Since 28 U.S.C. §1361 is available only to enforce a right and is not available to establish a right, when a plaintiff seeks to establish a right, the district court has no jurisdiction under 28 U.S.C. §1361. *United States v. Mellon*, 32 F.2d 415 (1929). As the plaintiff

seeks to establish a United States Constitutional Fourteenth Amendment due process right to his release from confinement and such a right to release under Section 14 of the Kentucky Constitution, and as the plaintiff also seeks to enforce those rights after they may be established, mandamus is not an available basis for jurisdiction. The plaintiff's claims, insofar as they are brought pursuant to 28 U.S.C. §1361, are subject to dismissal for lack of jurisdiction.

28 U.S.C. §2254

The plaintiff refers in his pleadings to this being "his habeas" action. Perhaps he is attempting to bring this action pursuant to 28 U.S.C. §2254. Under such circumstances, this action would ordinarily be referred to a Magistrate Judge. However, if this action is being brought pursuant to 28 U.S.C. §2254, it is successive within the meaning of 28 U.S.C. §2254(b)(3)(A) and should be brought before the United States Court of Appeals for the Sixth Circuit for appropriate consideration in light of 28 U.S.C. §1631.

CONCLUSION

It is **ORDERED** that this action is **DISMISSED**, *sua sponte*. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This 21st day of July, 2005.



Signed By:
*Danny C. Reeves* DCR
**United States District Judge**